UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHAD TALADA,

                Petitioner,                            DECISION AND ORDER
                                                         16-CV-6185 CJS

vs.

DAVID V. COLE, SHERIFF, STEUBEN COUNTY JAIL,

                Respondent.

_____

INTRODUCTION

This is an action pursuant to 28 U.S.C. § 2241 in which Petitioner seeks an order vacating his conviction and sentence pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 ("SORNA"). Because the Court finds that Petitioner fails to satisfy the requirements for a § 2241 challenge, the motion is denied and this action is dismissed.

BACKGROUND

Petitioner Chad Talada ("Petitioner") is a prisoner at the Steuben County Jail in Bath, New York. Petitioner was convicted of Attempted Sexual Abuse in the First Degree in New York in 2002 and was required to register as a sex offender. On December 9, 2008, Petitioner was charged in a one-count indictment in the Southern District of West Virginia for failing to register as a sex offender after having moved from New York to West Virginia sometime after April 18, 2007, and having been employed in West Virginia beginning on June 26, 2007. In 2009, Petitioner entered into a plea agreement with the

government and pled guilty to the indictment. Pursuant to a plea agreement, Petitioner was sentenced to 24 months in prison and 70 months of supervised release.

Petitioner filed a Notice of Appeal with the Court of Appeals for the Fourth Circuit. Petitioner contended that the United States Attorney General's issuance of the Interim Rule that made the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 ("SORNA") retroactive to existing sex offenders was improperly promulgated pursuant to the Administrative Procedures Act ("APA"). Petitioner's conviction was affirmed by the Fourth Circuit Court of Appeals on the basis of precedent stemming from *United States v. Gould*, 568 F.3d 459 (4th Cir. 2009), which affirmed the Attorney General's promulgation of the Interim Rule as valid under the APA. On August 31, 2010, Petitioner appealed for a Writ of Certiorari. The Supreme Court denied Petitioner's Writ of Certiorari on December 13, 2010. Petitioner subsequently failed to bring a challenge pursuant to 28 U.S.C. § 2255 prior to the expiration of the statute of limitations or December 12, 2011.Petitioner completed his sentence of imprisonment on March 23, 2010. The Western District of New York received a transfer of jurisdiction for Petitioner's supervised release on June 10, 2010.

On September 3, 2015, in the Western District of New York, Petitioner pled guilty to charges of Knowing Receipt of Child Pornography. On March 21, 2016, Petitioner filed the subject petition, pursuant to 28 U.S.C. § 2241, requesting a writ of habeas corpus to vacate his prior SORNA conviction. Vacating the SORNA conviction can have implications regarding Petitioner's pending sentence in the case regarding receipt of child pornography.

DISCUSSION

Petitioner brings this action pursuant to 28 U.S.C. § 2241(a) & (c)(3), which authorizes a district court to grant a writ of habeas corpus whenever a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner's motion is precarious under Second Circuit precedent, which generally requires petitioners to use § 2255 to challenge convictions and sentences.

> A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions… In contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255, ¶ 1

*Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001). Petitioner failed to challenge his conviction and sentence using § 2255 in the court where he was sentenced in a timely fashion upon the Supreme Court's denial of a writ of certiorari in 2010. The statute of limitations in § 2255 mandates that any challenge to the conviction must occur within one year upon the finality of the judgment of the conviction, which means that Petitioner had until December 12, 2011, to file the appropriate challenge. Therefore, Petitioner is out of time to file a § 2255 challenge to his conviction.

Despite the expiration of the statute of limitations, the Court may permit § 2241 challenges in certain extraordinary conditions as described in the "savings clause" of § 2255(e). The savings clause provides that:

3

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Petitioner contends that this clause permits the Court to rule on the merits of the § 2241 challenge. In the Second Circuit, governing precedent allows the savings clause of § 2255 to be invoked to allow § 2241 relief in "cases involving prisoners who (l) can prove actual innocence on the existing record, and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" See *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003) (quoting *Triestman*, l24 F.3d at 363).

In proving actual innocence on the existing record, Petitioner maintains that the Attorney General failed to promulgate SORNA in accordance with the Administrative Procedures Act. Petitioner further contends that the sharp divide in Circuit Court decisions regarding the constitutionality of the "Interim Rule" constitutes the basis for this Court to lend credence to his argument. As indicated above, the Fourth Circuit previously ruled on the validity of SORNA under the Administrative Procedure Act ("APA") in *United States v. Gould*, 526 F. Supp. 2d 538, 546 (D. Md. 2007), *aff'd*, 568 F.3d 459 (4th Cir. 2009). The APA requires a public notice for any proposed rule change prior to the effective date unless "good cause" exists. "Good cause" exists when public notice and comment procedures are "impracticable, unnecessary, or contrary to the public interest." *Id.* § 553(b)(3)(B). In *Gould,* the Fourth Circuit held that the "good cause" exception had been satisfied by the Attorney General in bypassing certain procedural roadblocks with SORNA's promulgation. Petitioner's conviction was upheld on this precedent in the Fourth Circuit. Although there has been division among the Circuits on this particular issue, no

4

subsequent development in the Second Circuit, Fourth Circuit, or the Supreme Court merit deviation from the precedent as applied to Petitioner's original conviction. As such, Petitioner fails to prove actual innocence on the existing record.[1]

In arguing the inability to effectively raise claims of innocence at an earlier time, Petitioner is not claiming innocence per se. Petitioner instead contends that failing to register as a sex offender pursuant to SORNA was not a crime at the time of his indictment. Petitioner argues that any attempt to raise a § 2255 challenge in the Fourth Circuit would have been futile due to binding contrary precedent. Petitioner failed to file a challenge in the Fourth Circuit pursuant to a § 2255 before the one-year statute of limitations expired. Because of Petitioner's failure to do so, there is no possible way of knowing how effective or adequate a § 2255 motion would have been. The Supreme Court has previously held that, "futility cannot constitute cause [for procedural relief] if it means simply that a claim was 'unacceptable to that particular court at that particular time'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558 (1982)). It would be unwarranted to say that a § 2255 could not have been effectively raised in the Fourth Circuit simply because Petitioner disagreed with the precedents in the Fourth Circuit. As such, Petitioner fails to prove that he could not have effectively raised claims of innocence at an earlier time.

As an alternative argument, Petitioner also challenges the constitutionality of Antiterrorism and Effective Death Penalty Act ("AEDPA") pursuant to Art. I, Sect. 9, Cl. 2 of the U.S. Constitution. Petitioner contends that § 2255, which was enacted by AEDPA,

---

[1] Petitioner does not deny the facts surrounding his original conviction. Petitioner contends that what he did was not illegal at the time due to the failure of the Attorney General to properly promulgate the Interim Rule.

violates the Suspension Clause for the writ of habeas corpus. AEDPA does not violate Suspension Clause because it was enacted to "provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." *Hill v. United States*, 368 U.S. 424, 471 (1962). Petitioner does not have access to § 2255 due to the statute of limitations for challenges pursuant to habeas corpus. This limit is not necessarily absolute. As is obvious by the present motion, it is not impossible to challenge convictions after the statute of limitations expires. The Petitioner has utilized a § 2241 motion in the present case, but simply fails to meet the jurisdictional requirements necessary for a successful motion. As such, AEDPA does not violate Petitioner's right to habeas corpus.

## CONCLUSION

For the forgoing reasons, Petitioner's Petition for relief under 28 U.S.C. § 2241 is denied, and this action is dismissed.

DATED:    November 9, 2017
               Rochester, New York

                                          /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge